# EXHIBIT 1

**Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(a)(1), copies of all process, pleadings, and orders filed in the State Court Action are attached hereto, including:**

Original Notice, Petition at Law and Jury Demand, and Return of Original Notice.

IN THE IOWA DISTRICT COURT FOR MARSHALL COUNTY

| | |
|---|---|
| **LUCIANA LAGUNAS, an individual**<br><br>Plaintiff,<br><br>vs.<br><br>**SWIFT PORK COMPANY d/b/a JBS SWIFT & CO., a corporation**<br><br>Defendant. | <u>CASE NO.</u><br><br>**PETITION AT LAW AND JURY DEMAND** |

COMES NOW the Plaintiff, as above captioned, and in support of her cause of action against the above-named Defendant states as follows:

## INTRODUCTION

1. This is an action for damages and injunctive relief caused by Defendant's violations of the Iowa Civil Rights Act and the Americans with Disabilities Act when it discriminated against Plaintiff because of her disabilities and/or perceived disabilities, failed to accommodate Plaintiff's disabilities, and terminated Plaintiff because of her disabilities.

2. This is also an action for damages and injunctive relief caused by Defendant's failure to restore Plaintiff to any position of employment upon her attempted return to work from FMLA-protected leave and Defendant's discharge of Plaintiff's employment, in violation of Section 210 of the Family and Medical Leave Act of 1993 (29 U.S.C. §§ 2612, 2615).

1

E-FILED  2025 JUN 13 10:45 AM MARSHALL - CLERK OF DISTRICT COURT

3. That Plaintiff, Luciana Lagunas (hereinafter "Luciana" or "Plaintiff"), is an individual who for all times material to this matter resided in Marshall County, Iowa.

4. That Defendant Swift Pork Company d/b/a JBS Swift & Co. (hereinafter "Swift Pork") for all times material to this matter is a Colorado corporation.

5. Swift Pork operates a meat packing plant at 402 N 10th Ave, Marshalltown, IA 50158.

6. That at all material times hereto, Swift Pork employed Luciana.

7. The alleged actions took place in Marshall County, Iowa.

## PROCEDURAL HISTORY

8. On approximately 4/15/2024, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendant with the Iowa Civil Rights Commission

9. On or about 5/13/2025, within 90 days prior to filing this Petition at Law and Jury Demand, the Iowa Civil Rights Commission issued an Administrative Release (Right-to-sue) with respect to Plaintiff's charges of discrimination and retaliation.

10. That the amount in controversy exceeds the threshold requirements for small claims court.

## FACTUAL BACKGROUND

11. Luciana was employed by Swift Pork from approximately August 28, 2006 until April 8, 2024 when her employment was terminated.

12. During Luciana's employment at Swift Pork, she was promoted multiple times and worked most recently as a New Hire Trainer.

13. In 2020, Luciana was diagnosed with type 2 diabetes.

14. Luciana was later diagnosed with anemia due to menorrhagia.

E-FILED  2025 JUN 13 10:45 AM MARSHALL - CLERK OF DISTRICT COURT

15. Because of Luciana's above-described disabilities, Luciana applied for and was approved for intermittent FMLA leave.

16. Luciana typically attended medical appointments on Fridays. These Friday treatments were accommodated, allowing her time to leave for her treatments until Abel Rangel (hereinafter "Rangel") became Luciana's supervisor.

17. Once Rangel became Luciana's supervisor, she was informed by Rangel that she must use "Paid Time Off" for her appointments and was not allowed to use FMLA.

18. Rangel approved some treatment appointments, but he often denied, ignored, or failed to respond to requests for time off for treatments.

19. Rangel also denied vacation requests on two separate occasions, instead giving the vacation time slots to non-disabled employees with lower seniority than Luciana.

20. On or about March 16, 2024, Luciana filled out an Absence Request Form seeking to be excused from work beginning on March 25, 2024, and returning on April 1, 2024. On the form, Luciana noted that the need to be off work was for a doctor's appointment.

21. This March 16th request was approved by the Defendant.

22. Despite being approved to be off due to her disabilities, at the urging of Rangel, Luciana reported to work and worked on March 25, 26, 27, and a partial day on March 28, 2024.

23. On March 28, 2024, Luciana was seen by her medical provider, Sherri Vesely, ARNP, DNP. Ms. Vesely provided Luciana with a note that said, "It is my medical opinion that Luciana Lagunas be excused from work 3/25/24 – 4/7/24 due to medical reasons. May return to work 4/8/2024 with no restrictions." The note provided a diagnosis of "anemia due to menorrhagia."

24. On March 28, 2024, Luciana sent a picture of the medical note to her supervisor, Rangel.

25. With the medical note, Luciana provided notice to her employer of her need to be off work relating to her previously disclosed disability.

26. In response to the message, Rangel acknowledged receipt of the medical note, writing "Okay si puedes venir a trabajar te necesito aqui ayudando" which translates to "Okay, if you can come to work, I need you here helping."

27. When Luciana returned to work on April 8, 2024, security guards refused to allow her access to the building, and she was informed that she needed to return home because she violated an unspecified company policy.

28. On April 9, 2024, Luciana received a phone call from her employer informing her that her employment was terminated.

29. Luciana was terminated because of her disabilities.

30. Luciana was terminated because of her use of job-protected FMLA leave.

31. Luciana was terminated because she had exercised her right to medical leave of absence, an accommodation required by the Iowa Civil Rights Act.

## COUNT I: VIOLATION OF IOWA CODE CHAPTER 216.6
### (Disability Discrimination and Retaliation)

32. Plaintiff re-pleads paragraphs 1 through 31 as if fully set forth herein.

33. Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment on the basis of her disability, denied making reasonable accommodation, and terminated Plaintiff's employment in violation of Iowa Code Chapter 216.

34. Plaintiff provided the Defendant with actual notice of her disabilities.

35. Defendant was, thus, on notice of Plaintiff's disabilities.

36. Defendant failed to make reasonable accommodation.

37. Defendant retaliated against Plaintiff because she exercised her right to reasonable accommodation.

38. Plaintiff was absent due to her disability and Defendant retaliated against the Plaintiff by terminating her employment in violation of 216.11.

39. As a proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; medical, therapeutic and other expenses; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE Plaintiff demands judgment against the Defendant in an amount that will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney fees, for the cost of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II: VIOLATION OF FAMILY MEDICAL LEAVE ACT (FMLA)
### (Interference, Failure to Restore, Retaliation)

40. Plaintiff re-pleads paragraphs 1 through 39 as if fully set forth herein.

41. Under the FMLA, an eligible employee is entitled to "a total of 12 workweeks of leave during any 12-month period" for her own serious health condition.  29 U.S.C. § 2612 (2009).   Further, the FMLA requires that:

any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave—

> (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or
> (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

29 U.S.C. § 2614(a).

42. In addition, Section 2614 mandates that FMLA leave "shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced." *Id.* at § 2614(b).

43. Plaintiff was an eligible employee, as defined in FMLA.

44. Plaintiff requested and the Defendant approved her FMLA leave of absence.

45. Plaintiff attempted to use the protected action of FMLA and was denied.

46. Defendant's actions of terminating Plaintiff and failing to restore her to the position she held when the leave commenced or to an equivalent position violated the FMLA.

47. Defendant has no legitimate basis justifying its violation of the FMLA and its treatment of Plaintiff.

48. Defendant discharged Plaintiff and/or otherwise discriminated against Plaintiff because she exercised rights and/or attempted to exercise rights given under the FMLA in violation of 29 U.S.C.A. §2615(a)(2).

49. As a proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; medical, therapeutic and other expenses; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE Plaintiff demands judgment against Defendant in an amount that will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney fees, for the cost of this action, for liquidated damages and for such other relief as may be just in the circumstances and consistent with the purpose of the Family and Medical Leave Act.

### COUNT III: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

1. Plaintiff re-pleads paragraphs 1 through 49 as if fully set forth herein.
2. Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment on the basis of her disabilities in violation of the Americans with Disabilities Act.
3. Defendant terminated Plaintiff in violation of the Americans with Disabilities Act.
4. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries.
5. Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable relief, for punitive damages against Defendant in an amount sufficient to punish and deter them and others, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## JURY DEMAND

50. Plaintiff hereby respectfully requests a jury trial in connection with this matter.

                                    HIGGINS LAW FIRM, P.L.L.C.

                        By:  /s/ Stuart L. Higgins
                             Stuart L. Higgins, AT0010945
                             701 13th Street, Suite 1
                             West Des Moines, Iowa 50265
                             Telephone:  (515) 619-9148
                             Facsimile:   (515) 777-1127
                             Email: Stuart@higginslawiowa.com

                        ATTORNEY FOR PLAINTIFF

IN THE IOWA DISTRICT COURT FOR MARSHALL COUNTY

| | |
|---|---|
| **LUCIANA LAGUNAS, an individual**<br><br>Plaintiff,<br><br>vs.<br><br>**SWIFT PORK COMPANY d/b/a JBS SWIFT & CO., a corporation**<br><br>Defendant. | <u>CASE NO.</u>  LACI012656<br><br><br><br>**CIVIL ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT**:

YOU ARE HEREBY NOTIFIED that a Petition has been filed in the office of the clerk of this court naming you as a defendant in this action.  A copy of the Petition (and any documents filed with it) is attached to this notice.  The attorney for the Plaintiff is <u>Stuart L. Higgins, Higgins Law Firm, PLLC</u>, whose address is <u>701 13th Street, Suite 1, West Des Moines, IA 50265</u>.  Stuart L. Higgins can be reached by telephone at <u>515-619-9148</u>. The attorney for the Plaintiff can be reached via facsimile number <u>515-777-1127</u>.

You must serve a motion or answer **within twenty (20) days** after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Marshall County, at the county courthouse in Marshalltown, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

You must electronically file the Appearance and Answer using the Iowa Judicial Branch Electronic Document Management System (EDMS) at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements.  Rules and procedures for electronic filing may be found in Chapter 16 of the Iowa Court Rules.  When submitting electronic filing, personal information contained in the filing must be redacted in accordance with Chapter 16, division VI of the Iowa Court Rules.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 641-684-6502.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

**IMPORTANT**
**YOU ARE ADVISED TO SEEK LEGAL COUNSEL AT ONCE TO PROTECT YOUR INTERESTS.**

| | | |
|---|---|---|
| **Iowa Judicial Branch** | Case No. | **LACI012656** |
| | County | **Marshall** |

Case Title   LUCIANA LAGUNAS V. SWIFT PORK COMPANY

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 576-6336** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued   **06/18/2025 01:17:01 PM**



District Clerk of Court or/by Clerk's Designee of   Marshall          County
/s/ Amy Halter

E-FILED  2025 JUN 24 9:31 AM MARSHALL - CLERK OF DISTRICT COURT



**POLK COUNTY SHERIFF'S OFFICE**

**SHERIFF KEVIN J. SCHNEIDER**

CIVIL DIVISION | 222 - 5TH AVENUE DES MOINES, IA 50309

SHERIFF'S OFFICE (515) 286-3800 | FAX (515) 286-3410

# RETURN OF SERVICE
## In the IA District Court for MARSHALL COUNTY COURT

| LUCIANA LAGUNAS | VS | SWIFT PORK COMPANY |

Sheriff #: 25024456
Case #: LACI012656
Received: 6/20/2025
Service Number: 294600

**STATE OF IOWA POLK COUNTY } §**

I certify that I served a copy of:
X ONP/Jury Demand

On: 6/23/2025 9:15:00 AM
To: SWIFT PORK COMPANY by delivering a copy to JOEL KISSELL
   a person at least 18 years of age described as REGISTERED AGENT
Manner Served: REGISTERED AGENT
Address of Service: 400 E Court Ave STE 110 REG AGENT: CT CORP, Des Moines, IA 50309
Notes:

**Attempts**

Date: 6/23/2025 9:15:00 AM
Address: 400 E Court Ave STE 110 REG AGENT: CT CORP, Des Moines, IA 50309
Note:

| **FEES** | **Kevin J Schneider, Sheriff of Polk County, Iowa** |
|---|---|
| Total: $38.30 | *[signature]* |
| | Deputy/Server: Patrick Adamovicz |

Entered by Janet Lose - 6/24/2025 9:02:41 AM.

# EXHIBIT 2

**Pursuant to Local Rule 81.a.2, the following motions pending in the state court will require resolution by this court:**

None.

# EXHIBIT 3

**Pursuant to Local Rule 81.a.3, the following counsel and law firms have appeared in state court:**

Stuart L. Higgins, AT0010945
HIGGINS LAW FIRM, P.L.L.C.
701 13th Street, Suite 1
West Des Moines, Iowa 50265
Telephone: (515) 619-9148
Facsimile: (515) 777-1127
Email: stuart@higginslawiowa.com

ATTORNEYS FOR PLAINTIFF

# EXHIBIT 4

**Notice of Filing of Notice of Removal**

## IN THE IOWA DISTRICT COURT FOR MARSHALL COUNTY

| | | |
|---|---|---|
| LUCIANA LAGUNAS | ) | Case No. LACI012656 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF FILING** |
| | ) | **NOTICE OF REMOVAL** |
| SWIFT PORK COMPANY d/b/a JBS, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Swift Pork Company ("Swift Pork") hereby gives Notice that it removed Plaintiff Luciana Lagunas's claim to the United States District Court for the Southern District of Iowa on July 14, 2025. A copy of the Notice of Removal filed in federal court is attached hereto as **Exhibit A**. In addition, Swift Pork served the Notice of Removal upon the Plaintiff.

**Federal law requires that this Court "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).**

Respectfully submitted,

DATED this 14 day of July, 2025.

**DUNCAN GREEN, P.C.**

/s/ Wesley T. Graham
Wesley T. Graham, AT0011184
400 Locust Street Suite 380
Des Moines, IA 50309
Telephone: (515) 288-6440
Facsimile: (515) 288-6448
wtgraham@duncangreenlaw.com

**ATTORNEYS FOR DEFENDANT
SWIFT PORK COMPANY**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was e-filed with the Marshall County District Court this 14th day of July, 2025, and a copy of the document with the notice of electronic filing generated through EDMS was forwarded by e-mail transmission and first class mail postage prepaid, to:

Stuart L. Higgins
HIGGINS LAW FIRM, P.L.L.C.
701 13th Street, Suite 1
West Des Moines, IA 50265
stuart@higginslawiowa.com

/s Wesley T. Graham
Wesley T. Graham

2